UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA TENISHA SHANAE DILLIHUNT,<br><br>          Plaintiff,<br><br>     v.<br><br>HELEN KELLER, et al.,<br><br>          Defendants. | Case No. CV 24-7915 FMO (MARx)<br><br>**ORDER TO SHOW CAUSE RE: VEXATIOUS LITIGANT** |

On September 12, 2024, Victoria Tenisha Shanae Dillihunt ("plaintiff") filed a Complaint (Dkt. 1) and a Request to Proceed In Forma Pauperis. (See Dkt. 4, "IFP Request"). The Complaint is one of more than 70 frivolous and duplicative actions that plaintiff has filed in this District. Accordingly, the court finds it appropriate to warn plaintiff that she may be designated as a vexatious litigant. This Order places her on notice that the court is considering a vexatious litigant order that will impose pre-filing conditions with which she must comply before filing another complaint, IFP Request, or document in this District. If plaintiff opposes the designation, she must file a written response to this Order by the deadline set forth below.

## LEGAL STANDARD

"Federal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (internal quotation marks omitted). In this District, the court

may, "[o]n its own motion," initiate a vexatious litigant order at "any time," which eventually may result in "a directive to the Clerk not to accept further filings from the litigant . . . without written authorization from a judge of the Court or a Magistrate Judge[.]"  Local Rule 83-8.2.

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it [is] entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered."  Ringgold-Lockhart, 761 F.3d at 1062 (internal quotation marks omitted).  "The first and second of these requirements are procedural, while the latter two factors . . . are substantive considerations . . . [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."  Id. at 1063 (internal quotation marks omitted).  Each requirement is addressed below.

**DISCUSSION**

I.   NOTICE AND AN OPPORTUNITY TO OPPOSE THE ORDER.

This Order serves as notice to plaintiff that she has until the deadline set forth below to file a written opposition to her designation as a vexatious litigant.  See Ringgold-Lockhart, 761 F.3d at 1063 (tentative ruling declaring plaintiffs as vexatious litigants and the provision of two weeks to oppose it were sufficient to provide notice and an opportunity to be heard).  The matter will be decided without oral argument.  See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue.").

II.  COMPILATION OF AN ADEQUATE RECORD FOR REVIEW.

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."  De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  In its compilation of the record, the court lists the following cases that were dismissed as frivolous:

1. <u>Dillihunt v. Department of Health and Human Services</u>, et al., Case No. 2:22-cv-08516-CJC-MAR (C.D. Cal. 2023).

2. <u>Dillihunt v. Beyonce Knowles</u>, <u>et al.</u>, Case No. 2:22-cv-8817-CJC-MAR (C.D. Cal. 2024).

3. <u>Dillihunt v. Mike Scott</u>, <u>et al.</u>, Case No. 2:22-cv-09097-FMO-MAR (C.D. Cal. 2022).

4. <u>Dillihunt v. Barack Obama</u>, et al., Case No. 2:23-cv-00542-FMO-MAR (C.D. Cal. 2024).

5. <u>Dillihunt v. Xi Jinping</u>, Case No. 2:23-cv-01150-FMO-MAR (C.D. Cal. 2023).

6. <u>Dillihunt v. Kim Yo-Jong</u>, <u>et al.</u>, Case No. 2:23-cv-02071-FMO-MAR (C.D. Cal. 2023).

7. <u>Dillihunt v. Grace Cathedral</u>, <u>et al.</u>, Case No. 2:23-cv-02417-FMO-MAR (C.D. Cal. 2023).

8. <u>Dillihunt v. NASA</u>, <u>et al.</u>, Case No. 2:23-cv-02418-FMO-MAR (C.D. Cal. 2023).

9. <u>Dillihunt v. King Charles III</u>, <u>et al.</u>, Case No. 2:23-cv-02659-FMO-MAR (C.D. Cal. 2023).

10. <u>Dillihunt v. Roman Catholic Church Germany</u>, et al., Case No. 2:23-cv-03246-FMO-MAR (C.D. Cal. 2023).

11. <u>Dillihunt v. Temple Mount</u>, <u>et al.</u>, Case No. 2:23-cv-03247-FMO-MAR (C.D. Cal. 2023).

12. <u>Dillihunt v. San Francisco Pride Offices</u>, <u>et al.</u>, Case No. 2:23-cv-03459-FMO-MAR (C.D. Cal. 2023).

13. <u>Dillihunt v. Apple Inc.</u>, <u>et al.</u>, Case No. 2:23-cv-03965-FMO-MAR (C.D. Cal. 2023).

14. <u>Dillihunt v. Nicki Minaj</u>, <u>et al.</u>, Case No. 2:23-cv-04699-FMO-MAR (C.D. Cal. 2023).

15. <u>Dillihunt v. Jehovahs Witness</u>, <u>et al.</u>, Case No. 2:23-cv-07729-FMO-MAR (C.D. Cal. 2023).

16. <u>Dillihunt v. Sones de Mexico Ensemble</u>, <u>et al.</u>, Case No. 2:24-cv-00151-FMO-RAO (C.D. Cal. 2024).

17. <u>Dillihunt v. National Medical Enterprises Inc.</u>, <u>et al.</u>, Case No. 2:24-cv-00361-HDV-SSC (C.D. Cal. 2024).

18. <u>Dillihunt v. Dr. Dre</u>, <u>et al.</u>, Case No. 2:24-cv-00549-FMO-MAR (C.D. Cal. 2024).

19. <u>Dillihunt v. Anthony Anderson</u>, <u>et al.</u>, Case No. 2:24-cv-0051-FMO-MAR (C.D. Cal. 2024).

20. <u>Dillihunt v. United States of America</u>, <u>et al.</u>, Case No. 2:24-cv-00751-FMO-MAR (C.D. Cal. 2024).

21. Dillihunt v. Internal Revenue Services, et al., Case No. 2:24-cv-01775-FMO-MAR (C.D. Cal. 2024).

22. Dillihunt v. Compton Cowboys, et al., Case No. 2:24-cv-02642-FMO-MAR (C.D. Cal. 2024).

23. Dillihunt v. Clive Davis, et al., Case No. 2:24-cv-03187-FMO-MAR (C.D. Cal. 2024).

24. Dillihunt v. Sean Paul, et al., Case No. 2:24-cv-03602-FMO-MAR (C.D. Cal. 2024).

25. Dillihunt v. One IA Potters House Church, et al., Case No. 2:24-cv-04076-FMO-MAR (C.D. Cal. 2024).

26. Dillihunt v. One IA Potters House Church, et al., Case No. 2:24-cv-04530-FMO-MAR (C.D. Cal. 2024).

27. Dillihunt v. Koken-ji Temple, et al., Case No. 2:24-cv-04684-FMO-MAR (C.D. Cal. 2024).

28. Dillihunt v. Danica Roem, et al., Case No. 2:24-cv-04886-FMO-MAR (C.D. Cal. 2024).

29. Dillihunt v. Hollywood Sikh Temple, et al., Case No. 2:24-cv-05155-FMO-MAR (C.D. Cal. 2024).

30. Dillihunt v. Shekinah Glory Ministries, et al., Case No. 2:24-cv-05569-FMO-MAR (C.D. Cal. 2024).

31. Dillihunt v. Micah Katt Williams, et al., Case No. 2:24-cv-05767-FMO-MAR (C.D. Cal. 2024).

32. Dillihunt v. Cornell Iral Haynes, Jr., et al., Case No. 2:24-cv-05787-FMO-MAR (C.D. Cal. 2024).

33. Dillihunt v. Ying Yang Twins, et al., Case No. 2:24-cv-05788-FMO-MAR (C. D. Cal. 2024).

34. Dillihunt v. Michael Kors, et al., Case No. 2:24-cv-05789-FMO-MAR (C.D. Cal. 2024).

35. Dillihunt v. Javier Gerardo Milei, et al., Case No. 2:24-cv-05829-FMO-MAR (C.D. Cal. 2024).

36. Dillihunt v. Alberto Fernandez, et al., Case No. 2:24-cv-05832-FMO-MAR (C.D. Cal. 2024).

37. Dillihunt v. El Mirage Dry Lake, et al., Case No. 2:24-cv-05907-FMO-MAR (C.D. Cal. 2024).

38. Dillihunt v. Kansas City Chiefs, et al., Case No. 2:24-cv-05911-FMO-MAR (C.D. Cal. 2024).

39. Dillihunt v. Florence Kasumba, et al., Case No. 2:24-cv-05912-FMO-MAR (C.D. Cal. 2024).

40. Dillihunt v. Dwayne Michael Carter, Jr., et al., Case No. 2:24-cv-05988-FMO-MAR (C.D. Cal. 2024).

41. Dillihunt v. Roxbury Latin School, et al., Case No. 2:24-cv-05990-FMO-MAR (C.D. Cal. 2024).

42. Dillihunt v. Five Chi Shan Wang Guangming Temple, et al., Case No. 2:24-cv-05991-FMO-MAR (C.D. Cal. 2024).

43. Dillihunt v. Gotham Smoke Shop, et al., Case No. 2:24-cv-06119-FMO-MAR (C.D. Cal. 2024).

44. Dillihunt v. Martha Stewart, et al., Case No. 2:24-cv-6156-FMO-MAR (C. D. Cal. 2024).

45. Dillihunt v. The Eastern Sister, Case No. 2:24-cv-06172-FMO-MAR (C.D. Cal. 2024).

46. Dillihunt v. The Magic Rose, et al., Case No. 2:24-cv-06301-FMO-MAR (C.D. Cal. 2024).

47. Dillihunt v. Botanica Nino Jesus, et al., Case No. 2:24-cv-06420-FMO-MAR (C.D. Cal. 2024).

48. Dillihunt v. Bougainvillea Apartments, et al., Case No. 2:24-cv-06422-FMO-MAR (C.D. Cal. 2024).

49. Dillihunt v. The Braid, et al., Case No. 2:24-cv-06507-FMO-MAR (C.D. Cal. 2024).

50. Dillihunt v. Dragonara Casino, et al., Case No. 2:24-cv-06568-FMO-MAR (C.D. Cal. 2024).

51. Dillihunt v. Charlie Brown Farms, et al., Case No. 2:24-cv-06571-FMO-MAR (C.D. Cal. 2024).

52. <u>Dillihunt v. Compton Housing Authority</u>, <u>et al.</u>, Case No. 2:24-cv-06608-FMO-MAR (C.D. Cal. 2024).

53. <u>Dillihunt v. Caesars Superdome</u>, <u>et al.</u>, Case No. 2:24-cv-06618-FMO-MAR (C.D. Cal. 2024).

54. <u>Dillihunt v. Richard Lawson Studios Inc.</u>, <u>et al.</u>, Case No. 2:24-cv-06619-FMO-MAR (C.D. Cal. 2024).

55. <u>Dillihunt v. Sharon and Sons Flooring and Cabinets</u>, <u>et al.</u>, Case No. 2:24-cv-06620-FMO-MAR (C.D. Cal. 2024).

56. <u>Dillihunt v. Os Oils</u>, <u>et al.</u>, Case No. 2:24-cv-06621-FMO-MAR (C.D. Cal. 2024).

57. <u>Dillihunt v. Divine Retreat Center</u>, Case No. 2:24-cv-06622-FMO-MAR (C.D. Cal. 2024).

58. <u>Dillihunt v. Jeddah</u>, <u>et al.</u>, Case No. 2:24-cv-06750-FMO-MAR (C.D. Cal. 2024).

59. <u>Dillihunt v. Power Station at Berklee NYC</u>, <u>et al.</u>, Case No. 2:24-cv-06952-FMO-MAR (C.D. Cal. 2024).

60. <u>Dillihunt v. Merida Auto Registration and Insurance</u>, <u>et al.</u>, Case No. 2:24-cv-07290-FMO-MAR (C.D. Cal. 2024).

61. <u>Dillihunt v. The Victory Beer</u>, <u>et al.</u>, Case No. 2:24-cv-07398-FMO-MAR (C.D. Cal. 2024).

62. <u>Dillihunt v. Ram Building Remodeling Inc.</u>, <u>et al.</u>, Case No. 2:24-cv-07607-FMO-MAR (C.D. Cal. 2024).

63. <u>Dillihunt v. Lams Thai and Chinese Restaurant</u>, <u>et al.</u>, Case No. 2:24-cv-07609-FMO-MAR (C.D. Cal. 2024).

64. <u>Dillihunt v. Victoria Gardens</u>, <u>et al.</u>, Case No. 2:24-cv-07639-FMO-MAR (C.D. Cal. 2024).

65. <u>Dillihunt v. Kenneth Edward Bailey</u>, <u>et al.</u>, Case No. 2:24-cv-07732-FMO-MAR (C.D. Cal. 2024).

66. <u>Dillihunt v. Kais Saied</u>, <u>et al.</u>, Case No. 2:24-cv-07738-FMO-MAR (C.D. Cal. 2024).

67. <u>Dillihunt v. REV Group</u>, <u>et al.</u>, Case No. 2:24-cv-07772-FMO-MAR (C.D. Cal. 2024).

68. Dillihunt v. Rara Dining, et al., Case No. 2:24-cv-07799-FMO-MAR (C.D. Cal. 2024.)

69. Dillihunt v. Knights Templar Commandery, et al., Case No. 2:24-cv-00033-RGK-SP (C.D. Cal. 2024).

70. Dillihunt v. Johnson and Trinity Bail Bonds, et al., Case No. 2:24-cv-01927-FMO-MAR (C.D. Cal. 2024).

71. Dillihunt v. Disneyland, Case No. 8:23-cv-00473-FMO-MAR (C.D. Cal. 2023).

III. FRIVOLOUSNESS AND HARASSMENT.

"[I]t is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." Ringgold-Lockhart, 761 F.3d at 1064 (internal quotation marks omitted). To qualify as frivolous, "[t]he plaintiff's claims must not only be numerous, but also be patently without merit." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1059 (9th Cir. 2007) (internal quotation marks omitted). In the alternative, to qualify as harassment, "the filing of several similar types of actions [must] constitute[] an intent to harass the defendant or the court." See De Long, 912 F.2d at 1148 n. 3. Here, the court finds that plaintiff's cases fall under both categories.

A. Frivolousness.

Plaintiff's actions are both numerous and patently without merit. See Molski, 500 F.3d at 1059. The complaints filed in the approximately 70 cases listed above are virtually identical and extremely voluminous, with some complaints approaching 400 pages in length. Although plaintiff has named, in total, more than one thousand defendants from around the world, she has never plausibly alleged any unlawful conduct by any defendant. For example, the named defendant in the instant case, Helen Keller, died more than 50 years ago. (See Dkt. 1, Complaint).

The voluminous factual allegations in the Complaint, to the extent they are intelligible, are identical to those from dozens of plaintiff's prior actions, and based almost entirely on religion and world history. For example, plaintiff alleges that defendants were engaged in "charades of witchcraft," decided to go "against God[,]" engaged in idolatry and organized crime, used religion and government as a weapon to wage many different forms of warfare, created technology as a mind-controlling agent, and engaged in human trafficking. (See Dkt. 1, Complaint at ECF 218-20,

290-92). Plaintiff also alleges defendants have consumed much time, energy, and resources all for self-gain, without caring about who has helped them get to where they are. (See id. at ECF 305-98). Finally, the Complaint includes dozens of pages of irrelevant matters such as Wikipedia entries, song lyrics, maps, medical records, and illustrations. (See id. at ECF 231-90).

As to legal relief, plaintiff seeks, among other things, the abolition of technology, an order that all real estate companies turn over their records to be reviewed for fraud, and an order shutting down all churches. (See Dkt. 1, Complaint at ECF 399-406). She also requests that infiltrators be destroyed, and that all officials who obstruct justice be reprimanded. (See id. at ECF 401).

These cases show that plaintiff has had, in a short period, more than 70 actions dismissed because they were patently frivolous. See Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (35 prior actions qualified as sufficiently inordinate). Thus, the court makes a substantive finding of frivolousness.

B.   Harassment.

Although it is unnecessary to make an alternative finding of harassment, the court nonetheless finds that the scope and extent of plaintiff's actions reflect an intent to harass the court. Despite the court warning plaintiff on dozens of prior occasions that her actions were frivolous and improper, plaintiff has continued to file, with almost no interruption, voluminous complaints with patently frivolous allegations. Plaintiff's insistence, while undoubtedly knowing the court will dismiss her cases as frivolous, on continuing to file actions that raise the same allegations, raises a reasonable inference of an intent to harass the court. See De Long, 912 F.2d at 1148 n. 3. Thus, the court makes a substantive finding of harassment.

IV.   NARROW TAILORING OF THE ORDER.

"Finally, pre-filing orders must be narrowly tailored to the vexatious litigant's wrongful behavior." Ringgold-Lockhart, 761 F.3d at 1066 (internal quotation marks omitted). It should "cover[] only the type of claims [the litigant] had been filing vexatiously[.]" Molski, 500 F.3d at 1061.

Here, if plaintiff is designated as a vexatious litigant, the pre-filing order will provide that the court will not accept any filings from her that are duplicative or frivolous, as her litigation history reflects. See Ringgold-Lockhart, 761 F.3d at 1066 (noting that an order that would prevent filings that are "not duplicative, and not frivolous" would be sufficiently narrowly tailored). Filings that do not qualify as duplicative or frivolous will be accepted for filing. Thus, the pre-filing order "will not deny [plaintiff] access to courts on any . . . claim that is not frivolous[.]" Molski, 500 F.3d at 1061.

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, plaintiff Victoria Tenisha Shanae Dillihunt is ORDERED TO SHOW CAUSE why the court should not designate her a vexatious litigant in light of her litigation history. If plaintiff objects to being designated a vexatious litigant, she shall file a written response to this Order to Show Cause no later than **October 21, 2024**. The Order to Show Cause will stand submitted upon the filing of plaintiff's response. Failure to submit a response by the deadline set forth above shall be deemed as consent to plaintiff being designated as a vexatious litigant. Dated this 4th day of October, 2024.

/s/
Fernando M. Olguin
United States District Judge